UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-80482

MAGISTRATE JUDGE
JOHNSON

CIV-PAINE

MAGISTRATE JUDGE
JOHNSON

JORGE CONCEPCION, on his own behalf
and others similarly situated,

    Plaintiff,

v.

CUBICLE CURTAIN FACTORY, INC.,
a Florida corporation, and ARTHUR SERIO,
individually,

    Defendants.
_____/

## COMPLAINT

1. Plaintiff, JORGE CONCEPCION, (hereinafter referred to as "Plaintiff"), was an employee of Defendants, CUBICLE CURTAIN FACTORY, INC., a Florida corporation, and ARTHUR SERIO, individually (hereinafter referred to collectively as the "Defendants") and brings this action on behalf of himself and other employees and former employees of Defendants similarly situated to him for overtime and minimum wage compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b). Plaintiff performed work as a laborer and related activities for Defendants in Palm Beach County, Florida.

2. CUBICLE CURTAIN FACTORY, INC., is a Florida corporation that owns and operates a business in Palm Beach County, Florida, within the jurisdiction of this Court.

3. At all times material hereto, ARTHUR SERIO was and is an individual resident of the State of Florida who owned and/or operated CUBICLE CURTAIN FACTORY, INC. and who regularly exercised the authority to hire and fire employees, determine the work schedules of



employees, set the rate pay of employees, and control the finances and operations of CUBICLE CURTAIN FACTORY, INC. By virtue of such control and authority, ARTHUR SERIO was an employer of Plaintiff as such term is defined by the FLSA. 29 U.S.C. §201 et seq.

4. This action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of Title 29 U.S.C. §216(b) (the Act).

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). At all times pertinent to this Complaint, CUBICLE CURTAIN FACTORY, INC. was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). Based upon information and belief, the annual gross sales volume of CUBICLE CURTAIN FACTORY, INC. was in excess of $500,000.00 per annum at all times material hereto. Additionally, Plaintiff was individually engaged in interstate commerce at all times pertinent to this Complaint.

6. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who, during one or more work weeks in the three (3) year statute of limitations period between May 2003 and the present, worked in excess of Forty (40) hours in a work week but were not paid time and a half wages for all of their overtime hours worked.

7. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §201-209, in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provisions were made by the Defendants to properly pay Plaintiff for all hours worked in excess of Forty (40) within a work week.

8. Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks

during his employment with Defendants.

9. Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendants.

10. However, Defendants did not pay time and a half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to him.

11. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees are in the possession and custody of Defendants.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

12. Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 11 above.

13. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of Forty (40) hours per work week. All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

14. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

15. As a result of Defendants' willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

16. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and

costs incurred in this action.

17.   Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, JORGE CONCEPCION, and those similarly situated to him who have or will opt into this action, demand judgment against Defendants, CUBICLE CURTAIN FACTORY, INC. and ARTHUR SERIO, jointly and severally, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

Dated: May 9, 2006
Boca Raton, Florida

Respectfully submitted,

_____
Keith M. Stern
Florida Bar No. 321000
E-mail: kstern@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
7800 Congress Avenue, Suite 108
Boca Raton, Florida 33487
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
Attorneys for Plaintiff

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**
Jorge Concepcion, on his own behalf and others similarly situated

**DEFENDANTS**
Cubicle Curtain Factory, Inc. a Florida Corporation, and Authur Serio, Individually

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
SHAVITZ LAW GROUP
SUITE 109
7800 CONGRESS AVENUE
BOCA RATON, FL. 33487

CIV-PAINE
06-80482

**ATTORNEYS (IF KNOWN)**
MAGISTRATE JUDGE JOHNSON

CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, **PALM BEACH**, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- 1 U.S. Government Plaintiff
- [X] 2 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in Item III)

9:06 CV80482 - Paine - Johnson

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- [X] Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multidistrict Litigation
- 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

[checkbox marked for] 710 Fair Labor Standards Act

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 USC 216(b) Action For Unpaid Overtime Wages

LENGTH OF TRIAL: 5 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 
**JURY DEMAND:** [X] YES  NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ DOCKET NUMBER _____

DATE 5/9/06
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 327123  AMOUNT 350.00  APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___